**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ARCHIE RICHARD STEINHOUR,

Petitioner-Appellant,

v.

LOU ARCHULETA, Warden;
JOHN SUTHERS, The Attorney General
of the State of Colorado,

Respondents-Appellees.

No. 07-1233

(D.C. No. 07-cv-578-ZLW)
(D. Colorado)

**ORDER**[*]

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

Archie Steinhour, a Colorado state prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. §

2254 petition for federal habeas relief.  Because Steinhour has failed to satisfy the

standards for the issuance of a COA, we deny his request and dismiss the matter.

I.

In October 1998, Steinhour was convicted in Jefferson County (Colorado) District

Court of nine counts of sexual exploitation of a child, one count of third degree sexual

---

[*]This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

assault, and one count of being a habitual offender, and was sentenced to a twenty-year term of imprisonment. Steinhour did not file a direct appeal. He did, however, engage in two rounds of state post-conviction proceedings, both times arguing that his sentence was unconstitutional because the state trial court enhanced his sentence on the basis of judicially-found facts. In the first round of post-conviction proceedings, which he initiated in July 2001, Steinhour relied on the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). In the second round of post-conviction proceedings, Steinhour relied on the Supreme Court's decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). In both sets of proceedings, the state trial court denied relief, the Colorado Court of Appeals affirmed, and the Colorado Supreme Court refused to grant Steinhour a writ of certiorari.

On March 22, 2007, Steinhour filed a federal habeas petition pursuant to 28 U.S.C. § 2254. As in his state post-conviction proceedings, Steinhour argued that his sentence was unconstitutional in light of <u>Apprendi</u> and <u>Blakely</u>. Steinhour also argued that the state trial court erred in failing to appoint counsel to represent him in connection with his state post-conviction proceedings. On April 26, 2007, the district court dismissed Steinhour's petition and entered judgment against him. In doing so, the district court concluded that "neither <u>Apprendi</u> nor <u>Blakely</u> applie[d] retroactively to cases on collateral review." ROA, Doc. 4 at 2. The district court also noted that "there is no federal constitutional right . . . to the assistance of counsel in postconviction proceedings." <u>Id.</u> (citing <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 556-57 (1987)). The district court

2

subsequently denied Steinhour a COA.

Steinhour has now renewed his request for a COA with this court. Steinhour has also filed a motion to proceed in forma pauperis on appeal.

II.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

After reviewing the record on appeal, we conclude that Steinhour is unable to make the requisite showing for the issuance of a COA. It is well settled that neither Apprendi nor Blakely apply retroactively to criminal judgments, such as Steinhour's, that became final prior to their issuance. E.g., United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (holding that Blakely is not retroactive); United States v. Mora, 293 F.3d 1213, 1219 (10th Cir. 2002) (holding that Apprendi is not retroactive). Likewise, it is beyond dispute that "[t]here is no constitutional right to an attorney in state post-conviction

3

proceedings." Coleman v. Thompson, 501 U.S. 722, 752 (1991). Thus, reasonable jurists simply could not "debate whether (or, for that matter, agree that)" Steinhour's claims "should have been resolved in a different manner or" were "adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotation marks omitted).

The motion for leave to proceed on appeal in forma pauperis and the request for a COA are DENIED and the appeal is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

4